IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANA MAUREEN WENDELL )
) No. 15-0865
v.

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for disabled widow's benefits, as well as for supplemental social security income. Plaintiff's claim was denied initially and upon hearings, initial and supplemental, before an administrative law judge ("ALJ").[1] Plaintiff was represented by a non-attorney representative from a law firm at the first hearing, and counsel from that law firm appeared at the supplemental hearing. The Appeals Council denied her request for review, and this appeal followed. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

---

[1] Plaintiff attaches a portion of an ALJ decision dated September 25, 2008, indicating that she was disabled as of November 29, 2007. The decision under appeal is dated November 12, 2014, and considered the time period from June 26, 2013, the date of the wage earner's death, as pertinent to widow's benefits, and the filing date of July 1, 2013, as relevant to her social security income claim.

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

Further, pro se pleadings must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). I have considered the parties' submissions according to these standards, and carefully considered the record presented in light of Plaintiff's contentions.

## II. THE PARTIES' MOTIONS

Although Plaintiff's Motion for Summary Judgment does not set forth the grounds therefor, her Complaint suggests that the ALJ erred because the decision was based on the opinion of George Starosta, a vocational expert ("VE"), and not the opinions of her treating

2

doctor and therapist. She avers that her treatment and medication changes were ignored, as well as the effect of the death of her husband.

The ALJ engaged in the five-step sequential analysis, initially finding that Plaintiff had various severe impairments, but did not meet the Listings. The ALJ then considered the records of Plaintiff's primary physician, as well as her mental health treatment records, including her medications. Thus, the opinions and records of Plaintiff's treating providers were not ignored. Instead, the ALJ assessed those records and opinions, and determined the weight to be afforded each. At the hearing, Plaintiff addressed the depression that she has suffered since her husband passed away. In accordance with that analysis and usual procedure, the ALJ considered Plaintiff's testimony at the hearing along with the medical evidence, and crafted a residual functional capacity assessment ("RFC"). An RFC refers to what a claimant can still do, despite her limitations. Here, the RFC was quite limited, and included several exertional and non-exertional limitations, including low-stress work, no contact with the public, limited contact with co-workers, and no more than occasional supervision. The ALJ then posed a hypothetical question to the VE based on that RFC, and considered the VE's opinion when reaching an ultimate disability determination. I have carefully considered the ALJ's analysis and approach, keeping in mind Plaintiff's pro se status, and find no apparent error.

## CONCLUSION

In sum, in light of my limited role on appeal and with empathy for Plaintiff's situation, I find no error justifying reversal or remand. Instead, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

# ORDER

AND NOW, this 25th day of 2016, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied, and Defendant's granted.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court